Exhibit A

**ELECTRONICALLY FILED**
2025 May 13 PM 2:01
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: WY-2025-CV-000435
PII COMPLIANT

IN THE 29th JUDICIAL DISTRICT
DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

Terrie Morris et. al.,            )
    Plaintiff,            )
V                                 )     Case No. WY-2025-CV-000435
City of Kansas City Missouri )
et. al.,
    Defendant.           )

Defendant's Name and Address:
City of Kansas City Missouri
c/o Clerk Marilyn Sanders
414 E. 12th St.
Kansas City, MO 64106

Proceeding Pursuant to K.S.A. Chapter 60

## SUMMONS

To: City of Kansas City Missouri
(Defendant's name)

A civil lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. Under Kansas Supreme Court Rule 113, you may seek from the clerk of the court an extension of up to 14 additional days to serve and to file an answer or a K.S.A. 60-212 motion.

If you fail within 21 days to serve and to file an answer or a K.S.A. 60-212 motion or obtain a Rule 113 extension, the court may enter default judgment against you for the relief

Rev. 12/2022 KSJC                        1

demanded in the petition. If you were served outside of Kansas, however, the court may not enter default judgment against you until at least 30 days after service of this summons.

The answer or K.S.A. 60-212 motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

<u>Andrew Schendel</u>
(Attorney's name or Plaintiff's name)

<u>811 Grand Blvd.</u>

<u>Suite 101</u>

<u>Kansas City, MO  64106</u>

(Attorney's address or Plaintiff's address)

You also must file your answer or K.S.A. 60-212 motion with the court.

When you file an answer, you must state as a counterclaim(s) any related claim(s) that you may have against the plaintiff. If you fail to do so, you will thereafter be barred from making such claim(s) in any other action.



Clerk of the District Court.

By <u>Madison Epping</u>
Clerk or Deputy

**Documents to be served with the Summons**
PLE: Petition Petition

ELECTRONICALLY FILED
2025 May 13 PM 2:01
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: WY-2025-CV-000435
PII COMPLIANT

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| **TERRIE MORRIS**, and | ) |
| **RICA AMADOR** | ) |
| Plaintiff, | ) |
| vs. | ) |
| **CITY OF KANSAS CITY, MISSOURI** | ) K.S.A. Chapter 60 |
| **RAY BONNER**, and | ) |
| **JOHNNY JONES** | ) |
| Defendants. | ) |

### PETITION

**COMES NOW** Plaintiffs Terrie Morris and Rica Amador, appearing by and through counsel, and for their claims against Defendants City of Kansas City, Missouri, Ray Bonner and Johnny Jones states and alleges as follows:

### PARTIES

1. Plaintiff Terrie Morris (hereinafter "Plaintiff") is an individual resident of Kansas City, Wyandotte County, Kansas.

2. Plaintiff Rica Amador (hereinafter "Amador") is an individual resident of Kansas City, Wyandotte County, Kansas.

3. Defendant City of Kansas City, Missouri (hereinafter "KCMO") is a Missouri municipality located primarily in Jackson County, Missouri.

4. Defendant Ray Bonner (hereinafter "Bonner") is an individual resident of Kansas City, Jackson County, Missouri.

5. Defendant Johnny Jones (hereinafter "Jones") is upon information and belief an individual resident of Kansas City, Jackson County, Missouri.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter in that it arises from an alleged tort committed in Missouri.

7. Venue lies in this Court in that the motor vehicle crash giving rise to this litigation occurred in Wyandotte County, Kansas.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. On May 16, 2023, Jones and Bonner were employed by KCMO.

9. On May 16, 2023, Bonner was a trainee driver for KCMO who was being trained by Jones.

10. At this time, Bonner had a Missouri commercial learner's permit driver's license.

11. At that time, Bonner was driving a 2019 Ford F550 owned by KCMO with the permission of Jones and KCMO.

12. Bonner and Jones decided to travel across the state line from Kansas City, Missouri to Kansas City, Kansas in order to eat lunch.

13. Upon information and belief, Bonner and Jones were permitted a lunch break by KCMO and remained "on the clock" during their lunch break.

14. After eating lunch, Bonner was driving the truck southbound on Tremond Street near its intersection with Reynolds Avenue.

15. At this intersection there is a stop sign for southbound traffic on Tremont Street but no stop sign for westbound traffic on Reynolds Avenue.

16. As Bonner approached this intersection, Plaintiff was driving her vehicle westbound on Reynolds Avenue near its intersection with Tremont Street.

17. At this time, Amador was a passenger in Plaintiff's vehicle.

18. As Plaintiff entered the intersection, Bonner suddenly and without warning attempted to turn left in front of the Plaintiff's vehicle, leaving Plaintiff no time to swerve or avoid a collision with Bonner's vehicle.

### COUNT 1: NEGLIGENCE

19. Bonner had a duty to exercise reasonable care in the operation of his motor vehicle.

20. Bonner failed to exercise reasonable care in the operation of his motor vehicle and was therefore negligent in that Bonner:

    a. Failed to keep a proper lookout for vehicles in his path; and/or

    b. Drove at an excessive speed; and/or

    c. Drove through a clearly visible stop sign; and/or

    d. Failed to ensure the intersection was clear before entering the intersection; and/or

    e. Failed to swerve, stop, sound his horn or take other evasive action to avoid a collision with the Plaintiff; and/or

    f. Was otherwise negligent in respects presently unknown to Plaintiff.

21. Bonner's negligent acts and omissions described herein occurred within the course and scope of his employment with KCMO while driving a vehicle owned by KCMO.

22. As a direct and proximate result of Defendants' negligence, Plaintiff suffered damages including, but not limited to:

    a. Bodily injuries to the neck, back, and arm; and/or

  b. Medical expenses in excess of $2,000; and/or

  c. Noneconomic damages including pain, suffering and loss of enjoyment of life; and/or

  d. Other damages, the nature and extent of which are not presently known.

23. As a direct and proximate result of Defendants' negligence, Amador suffered damages including, but not limited to:

  a. Bodily injuries; and/or

  b. Medical expenses in excess of $2,000; and/or

  c. Noneconomic damages including pain, suffering and loss of enjoyment of life; and/or

  d. Other damages, the nature and extent of which are not presently known.

**WHEREFORE** Plaintiffs Terrie Morris and Rica Amador each individually pray for judgment against Defendants Ray Bonner and City of Kansas City, Missouri in a fair and reasonable amount in excess of $75,000, for the costs of this action, and for any further relief that the Court may deem just and proper.

## COUNT 2: NEGLIGENT ENTRUSTMENT

24. Defendant and Jones had a duty to exercise reasonable care in the entrustment of motor vehicles under their control to third parties.

25. Jones and KCMO entrusted the aforementioned 2019 Ford F550 to Bonner by permitting Bonner to drive the vehicle.

26. At the time the vehicle was entrusted to Bonner, Jones and KCMO knew or should have known that Bonner was an incompetent driver in that he had not been fully trained, lacked a full commercial driver's license, and was unfamiliar with the streets of Kansas

City, Kansas, which rendered Bonner incapable of exercising ordinary care in the operation of the vehicle.

27. Jones and KCMO failed to exercise reasonable care in the entrustment of the 2019 Ford F550 to Bonner in that they:

   a. Allowed Bonner to drive the vehicle despite the fact that he lacked a full commercial driver's license; and/or

   b. Allowed Bonner to drive the vehicle before he had completed his training; and/or

   c. Allowed Bonner to drive the vehicle in Kansas City, Kansas despite knowledge that he was unfamiliar with the streets of Kansas City, Kansas; and/or

   d. Was otherwise negligent in respects presently unknown to Plaintiff.

28. As a direct and proximate result of Defendants' negligence, Plaintiff suffered damages including, but not limited to:

   a. Bodily injuries to the neck, back, and arm; and/or

   b. Medical expenses in excess of $2,000; and/or

   c. Noneconomic damages including pain, suffering and loss of enjoyment of life; and/or

   d. Other damages, the nature and extent of which are not presently known.

29. As a direct and proximate result of Defendants' negligence, Amador suffered damages including, but not limited to:

   a. Bodily injuries; and/or

   b. Medical expenses in excess of $2,000; and/or

   c. Noneconomic damages including pain, suffering and loss of enjoyment of life; and/or

   d. Other damages, the nature and extent of which are not presently known.

**WHEREFORE** Plaintiffs Terrie Morris and Rica Amador each individually pray for judgment against Defendants Ray Bonner and City of Kansas City, Missouri in a fair and reasonable amount in excess of $75,000, for the costs of this action, and for any further relief that the Court may deem just and proper.

## COUNT 3: NEGLIGENT SUPERVISION

30. Jones and KCMO knew or had reason to know that Bonner was incapable of operating the aforementioned 2019 Ford F550 safely due to his lack of experience with commercial vehicles and unfamiliarity with the streets of Kansas City, Kansas.

31. Jones and KCMO had a duty to supervise and control Bonner's conduct in operating the 2019 Ford F550.

32. Jones and KCMO failed to supervise and control Bonner's conduct in that they:

   a. Allowed him to drive the Ford F550 when he was not a fully licensed commercial driver; and/or

   b. Failed to closely supervise his driving while Jones was within the vehicle; and/or

   c. Allowed him to drive on unfamiliar streets in Kansas City, Kansas on which he had not been trained to drive.

33. As a direct and proximate result of Defendants' negligence, Amador suffered damages including, but not limited to:

   a. Bodily injuries; and/or

b. Medical expenses in excess of $2,000; and/or

c. Noneconomic damages including pain, suffering and loss of enjoyment of life; and/or

d. Other damages, the nature and extent of which are not presently known.

**WHEREFORE** Plaintiffs Terrie Morris and Rica Amador each individually pray for judgment against Defendants Ray Bonner and City of Kansas City, Missouri in a fair and reasonable amount in excess of $75,000, for the costs of this action, and for any further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all matters so triable.

Respectfully submitted,

CASTLE LAW OFFICE of KANSAS CITY, P.C.

/s/ Andrew Schendel
Andrew Schendel, #24045
811 Grand Blvd, Suite 101
Kansas City, MO 64106
(816) 595-3249 – Telephone
(816) 842-0016 – Facsimile
aschendel@castlelaw-kc.com
ATTORNEY FOR PLAINTIFF

RECEIVED BY
THE CITY CLERK

JUN 0 4 2025

